## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LAMONT BONNER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-01237-HEA |
| | ) |
| TRANSUNION, | ) |
| | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff LaMont Bonner, Jr. for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant TransUnion.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*, naming TransUnion as the defendant. (Docket No. 1 at 2-3). He asserts that on July 9, 2021, he filed a complaint with TransUnion, which was assigned an investigation number. (Docket No. 1 at 5). The investigation apparently began on July 16, 2021, and was supposed to be done within thirty days. However, when plaintiff received a copy of his report, he states that he saw "no changes." Plaintiff again sent a complaint to

TransUnion, which was received on August 11, 2021. In the complaint, he told TransUnion to "remove a list of accounts from [his] credit file." Though it is unclear, plaintiff seems to assert that forty-two accounts were erroneously listed. (Docket No. 1 at 6). In any event, TransUnion replied that they had already done an investigation, and they refused to remove the accounts, even after plaintiff explained to TransUnion why the accounts should be removed. (Docket No. 1 at 5).

Based on TransUnion's refusal to correct his credit report, plaintiff is seeking total damages in the amount of $52,000. (Docket No. 1 at 4, 6).

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to the FCRA. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's allegations are sufficient for purposes of initial review, and will direct the Clerk of Court to issue process on defendant TransUnion.

Congress enacted the FCRA "to address a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir. 2014). *See also Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (explaining that the FCRA "was enacted in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy"); and *Hauser v. Equifax, Inc.*, 602 F.2d 811, 914 (8th Cir. 1979) (explaining that the FCRA is not meant to provide comprehensive regulation of the consumer reporting industry, but instead establishes a broad minimum standard of reasonable procedures that must be adopted by reporting agencies).

The FCRA places responsibilities on both consumer reporting agencies and those that furnish them with information. *McIvor*, 773 F.3d at 915. It "has several mechanisms to protect consumer credit information, some of which apply to credit reporting agencies while others apply to users of the information provided by those agencies." *Poehl*, 528 F.3d at 1096. Furthermore, the FCRA "provides for recovery by a consumer upon a showing of willful or negligent failure to follow reasonable procedures." *Hauser*, 602 F.2d at 914. To make out a prima facie violation of the FCRA, a consumer must present facts showing that a credit reporting agency prepared a report that contained inaccurate information. *Cahlin v. General Motors Acceptance, Corp.*, 936 F.2d 1151, 1156 (8th Cir. 1991).

In this case, plaintiff has alleged that TransUnion has included inaccurate information on his credit report, that he has communicated with TransUnion about this inaccurate information, that he has provided TransUnion with the reasons why the information is inaccurate, and that TransUnion nevertheless refuses to remove forty-two erroneous accounts from his file. For purposes of initial review, the Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Furthermore, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Clerk of Court will be directed to issue process on defendant TransUnion as to plaintiff's FCRA claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant TransUnion, by serving its registered agent: The Prentice Hall Corporation, 221 Bolivar Street, Jefferson City, MO 65101.

Dated this  20th day of  January, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE